**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvin G. Grundy, Jr. and Willie Ruth Grundy, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JPMorgan Chase Bank, N.A., et al., ) <br> ) <br> Defendants. ) <br> ) | No. CV10-1542 PHX DGC <br><br> **ORDER** |

This order concerns three related motions – Defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss Plaintiffs' original complaint (Doc. 8), Plaintiffs' motion for leave to amend their complaint (Doc. 13), and Chase's motion to dismiss the amended complaint (Docs. 19, 20). Because Defendant suggests that Plaintiffs have filed a bankruptcy petition (Doc. 24), the Court will rule only on the first two motions (Docs. 8, 13) and order Plaintiffs to file a status report on their bankruptcy petition within **10 days** of this order.

On June 25, 2010, Plaintiffs filed their initial complaint in Maricopa County Superior Court. Doc. 1-1. Defendant JPMorgan Chase Bank, N.A. ("Chase") removed the case to federal court on July 21, 2010. Doc. 1. On July 28, 2010, Defendant filed a motion to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 8 and 12(b)(6). Doc. 8. On August 12, 2010, Plaintiffs filed for leave to amend their complaint (Doc. 13) and have lodged a proposed amended complaint (Doc. 14). On August 17, 2010, Plaintiffs filed a response in opposition to Defendant's motion to dismiss (Doc. 17), and Defendant replied on August 27 (Doc. 19). In its reply, Defendant acknowledged that Plaintiffs did not need

1 leave of Court before amending their complaint under Federal Rule of Civil Procedure 15
2 (Doc. 19), and combined with the reply a motion to dismiss the amended complaint
3 (Docs. 19, 20). Plaintiffs filed a response on September 17, 2010 (Doc. 23), and on
4 September 24, 2010, Defendant filed a notice stating that it elects not to file a reply on
5 account of Plaintiffs' recent bankruptcy filing (Doc. 24). The motions have been fully
6 briefed.

7       A plaintiff may amend its complaint once without leave of the court within "21 days
8 after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)
9 . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Because no answer was filed in this
10 case and because Plaintiffs' amended complaint was lodged within 21 days of Defendant's
11 12(b)(6) motion, the Plaintiffs' motion to amend is granted even though leave of Court was
12 not required. Accordingly, Defendant's first motion to dismiss (Doc. 8) will be denied as
13 moot.

14       In its latest reply, Defendant suggests that Plaintiffs have filed a petition for
15 bankruptcy. Doc. 24. Plaintiffs are ordered to file a status report within **10 days** of this
16 order, showing cause why the complaint cannot be adjudicated in bankruptcy court as part
17 of their bankruptcy petition. In the meanwhile, the Court will stay its ruling on Defendant's
18 second motion to dismiss (Doc. 20).

19 **IT IS ORDERED:**

20    1.   Plaintiffs' motion for leave to amend (Doc. 13) is **granted**.

21    2.   Defendant's motion to dismiss (Doc. 8) is **denied** as moot.

22    3.   Plaintiffs shall file a status report by **October 25, 2010**. Plaintiffs shall
23        address whether their claims in this case can be adjudicated in bankruptcy
24        court, permitting dismissal of this action.

4. Defendant's second motion to dismiss (Doc. 20) is **stayed** pending Plaintiff's status report.

DATED this 15th day of October, 2010.

David G. Campbell
United States District Judge