**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvin G. Grundy, Jr. and Willie Ruth Grundy, <br><br> Plaintiffs, <br><br> vs. <br><br> JPMorgan Chase Bank, N.A., et al., <br><br> Defendants. | No. CV10-1542 PHX DGC <br><br><br> **ORDER** |

Defendant Quality Loan Service Corporation ("QLS") moves to dismiss Plaintiffs' amended complaint (Doc. 18), as does Defendant JPMorgan Chase Bank, N.A. ("Chase") (Doc. 20). Plaintiffs oppose both motions. Docs. 21, 23. QLS filed a reply (Doc. 25), and Chase filed a notice of non-reply in light of Plaintiffs' new bankruptcy proceeding (Doc. 24). The parties have not requested oral argument. For the reasons that follow, the Court will deny the QLS motion and grant in part and deny in part the Chase motion.

**I.    Background.**

On June 25, 2010, pro se Plaintiffs Elvin and Willie Ruth Grundy filed their initial complaint in Maricopa County Superior Court. Doc. 1-1. The complaint involves numerous allegations against several defendants related to the foreclosure of Plaintiffs' home and preceding transactions *Id.* Defendant Chase removed the case to federal court on July 21, 2010. Doc. 1. As part of the last round of motion practice, Defendants QLS and Chase (collectively "Defendants" for the purposes of this motion) informed the Court that Plaintiffs had recently filed for bankruptcy. Docs. 24, 25. The Court ordered Plaintiffs to file a status

1  report (Docs. 26, 29), and Plaintiffs complied on November 24, 2010 (Doc. 30). Plaintiffs
2  assert that they had not yet listed this case as property on Schedule B of their bankruptcy
3  petition, but that they will do so and will also claim an exemption on Schedule C. Doc. 30
4  at 5. Plaintiffs also indicate their intention to move forward with the suit with respect to
5  Defendants. *Id*. at 6. Since Plaintiffs' report, no bankruptcy trustee has intervened in this
6  matter and no further motions, notices, or other documents have been filed.

**II.    Discussion.**

   **A.    Legal Standards.**

Under Rule 12(b)(6), the factual allegations in a complaint "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). In deciding motions to dismiss, courts in the Ninth Circuit construe liberally complaints by *pro se* plaintiffs. *See, e.g.*, *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("*Pro se* complaints are to be construed liberally and 'may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228, 1230 (9th Cir. 1984))).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003), the Ninth Circuit noted that express allegations of fraud must be pled with particularity under Rule 9(b) regardless of whether fraud is an essential element of a claim. 317 F.3d at 1103-04. The *Vess* court also observed that fraud can be alleged either expressly or by implication through allegations of facts that "necessarily" constitute fraud. *Id.* If fraud is averred, the allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just

- 2 -

deny that they have done anything wrong." *Id*. at 1106 (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 2003)) (alteration in original). With this goal in mind, allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.'" *Id.* (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

### B. Motion to Dismiss by QLS.

Defendant QLS asserts that the claims against it should be dismissed because QLS was joined to this suit solely as trustee and Plaintiffs' complaint alleges no breach of trustee obligations as to QLS. Doc. 18. QLS also requests attorneys' fees. *Id*. Plaintiffs respond that their First Amended Complaint alleges violations against QLS. Doc. 21 at 2. In its reply, QLS disputes Plaintiffs' assertion that an amended complaint has been filed, does not address the substance of the amended complaint, and urges that this action should be stayed in light of Plaintiffs' bankruptcy petition. Doc. 25 at 2.

QLS's argument is moot in light of the Court granting Plaintiffs leave to amend on October 15, 2010 (Doc. 26). Plaintiffs' amended complaint includes seven causes of action against QLS, including a claim for violation of A.R.S. § 33-808(E) against QLS alone. Doc. 27. The motion by QLS will be denied.[1]

### C. Motion to Dismiss by Chase.

As part of its reply to its earlier motion to dismiss, Defendant Chase moves to dismiss Plaintiffs' amended complaint. Doc. 20. The Clerk has deemed the reply as both a reply and a new motion (*id.*), and Plaintiffs filed a response (Doc. 23). On the date when its reply was due, Chase filed a notice of non-reply on grounds that this action should be stayed in light of bankruptcy proceedings. Doc. 24. Although it offered to file a reply if this Court deems

---

[1] A district court has the power to determine whether a proceeding before it comes within the scope of the automatic bankruptcy stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106 (9th Cir. 2005). Although a pre-petition claim by a debtor against a defendant may be property of the estate, a "chose in action," a post-petition motion to dismiss by such defendant is not "an act to . . . exercise control over property of the estate [under 11 U.S.C. § 362(a)(3)]." *See, e.g.*, *Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 336-38 (9th Cir. 1994). Additionally, "[w]hile it is true that a successful defense to a lawsuit eliminates its alleged value, this results in no loss to the estate." *Id.* at 338.

- 3 -

1  such reply necessary, Chase does not assert that it is a debtor in a bankruptcy proceeding nor
2  does it meaningfully argue why the case should be stayed. *See* Doc. 24. The Court will rule
3  on Chase's motion to dismiss based on the parties' arguments in the motion and response.

4  As a threshold procedural matter, Chase argues that its previous motion to dismiss –
5  which this Court denied as moot subsequent to the filing of Chase's motion at Doc. 20 –
6  should be applied to the amended complaint. Doc. 20 at 2. That motion was denied, and
7  Chase has not re-filed it. The Court will rule on Chase's renewed motion to dismiss.

8  Chase argues the following in support of its motion to dismiss: (1) Plaintiffs'
9  complaint violates Rule 8 because it alleges "a plethora of irrelevant information"; (2) Chase
10 should not be a defendant because "[i]t was not the original lender, trustee, or beneficiary"
11 and "[i]t is not the current trustee or beneficiary"; (3) Plaintiffs fail to plead with particularity
12 the fraud allegations in Counts I, II, and IV as required by Rule 9(b); (4) Count I fails
13 because Plaintiffs have not established a private right of action under A.R.S. § 13-2320;
14 (5) Count I fails because Plaintiffs have not complied with service requirements under A.R.S.
15 § 13-2314.04(H), a jurisdictional requisite; (6) Count III fails because it does not state a
16 claim against Chase to the extent that the claim alleges violations of the covenant of good
17 faith and fair dealing by "refusing to modify, perform a workout arrangement, or extend the
18 note" (quoting from Amended Complaint ¶ 168); (7) although Count V was not asserted
19 against Chase, the claim fails against Bear Stearns or EMC because Plaintiffs failed to allege
20 a fiduciary relationship; (8) Counts VI, VIII, IX, and X should be deemed abandoned because
21 Plaintiffs do not defend these theories; and (9) Count VII claims are barred by the statute of
22 limitations and Plaintiffs fail to qualify for equitable tolling. Doc. 20. The Court will refer
23 to the arguments by these numbers.

24     **1.     Argument 1.**

25 Chase argues that Plaintiffs' complaint violates Rule 8 because it alleges "a plethora
26 of irrelevant information." Chase has not moved under Rule 12(f) to strike the portions of
27 the amended complaint that it finds irrelevant, but instead argues that the entire complaint
28 should be dismissed. Chase cites no legal support for the position that an entire complaint

should be dismissed when it contains irrelevant information, and the Court is aware of none.

### 2. Argument 2.

Chase urges that it should not be a defendant in this case because "[i]t was not the original lender, trustee, or beneficiary" and "[i]t is not the current trustee or beneficiary." Doc. 20 at 3. Chase's argument for blanket dismissal is rooted in assertions of fact – that there is no direct relationship between Plaintiffs and Chase, and that Chase had no knowledge of any misstatements other defendants may have made to Plaintiffs. *Id.* at 4. For purposes of Rule 12(b)(6), however, Plaintiffs' factual allegations must be taken as true. The Court therefore will reject this argument.

### 3. Argument 3.

Chase asserts that Plaintiffs fail to plead with particularity the fraud allegations in Counts I, II, and IV as required by Rule 9(b). In their defense, Plaintiffs point to paragraphs 55-65 and 103-05 as providing a "detailed account of the fraud committed by AAMES and EMC and BEAR STEARNS." Doc. 23 at 5.

Paragraph 65 alleges that AAMES agents claimed the re-fi loan was in Plaintiffs' best interest and represented that the "total house payments made would be lower." Doc. 27 ¶ 65. Paragraph 103 alleges that Bear Stearns and EMC agents represented that a new loan can be "originated without the adjustable rate mortgage." *Id.* ¶ 103. Paragraph 105 alleges that a Bear Stearns agent "represented that by executing the new loan, [Plaintiffs] would be able to [lower] their mortgage payments and stave off foreclosure." *Id.* ¶ 105.

The Court, however, is not called upon to decide whether the claims against AAMES, Bear Stearns, or EMC have been pled with particularity – only the claims against Chase. The paragraphs discussed above make no reference to Chase. The Court finds that Plaintiffs have failed to plead fraud with particularity against Chase, and will dismiss Counts II and IV as to Chase.

With regard to Count I, Plaintiffs argue that Chase would be liable for fraudulent conduct by Bear Stearns and EMC under A.R.S. § 13-2320(A)(3). Doc. 23 at 6. Assuming without deciding that Plaintiffs' characterization of the statute is correct, this does not change

- 5 -

the fact that Plaintiffs failed to plead Chase's participation in the alleged fraud with particularity. Count I does not merely allege that Chase was part of a general market racketeering scheme; it asserts that Chase "engaged in a systematic pattern of . . . fraud . . . with the intent to cause economic injury to [Plaintiffs]." Doc. 27 ¶ 142. Because Plaintiffs fail to plead this fraud with particularity, the Court will dismiss Count I as to Chase.

### 4. Argument 4.

Chase argues in passing that Count I fails because Plaintiffs have not established a private right of action under A.R.S. § 13-2320. Because Count I has been dismissed as to Chase on other grounds above, the Court need not reach this issue.

### 5. Argument 5.

Chase asserts that Count I fails because Plaintiffs have not complied with service requirements on the Arizona Attorney General under A.R.S. § 13-2314.04(H), a jurisdictional requisite. Because Count I has been dismissed as to Chase on other grounds, the Court need not reach this issue.

### 6. Argument 6.

Chase urges that Count III fails to state a claim that Chase violated the covenant of good faith and fair dealing by "refusing to modify, perform a workout arrangement, or extend the note." Doc. 20 at 5 (quoting from Amended Complaint ¶ 168). Plaintiffs respond that Chase was subject to "common law contract principles requiring good faith and fair dealing with Plaintiffs" after Chase assumed control of Bear Stearns and EMC. Doc. 23 at 9-10.

Under Arizona law, the implied covenant of good faith and fair dealing "arises by virtue of a contractual relationship." *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). The covenant precludes each party to a contract from impairing "the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.* Plaintiffs have not alleged having a contract with Chase. The Court will dismiss this count as to Chase.

#### 7. **Argument 7.**

Chase argues that Count V fails because Plaintiffs failed to allege a fiduciary relationship. The claim at issue here was not asserted against Chase, as Chase readily concedes. Doc. 20 at 6. Moreover, Chase has not shown that it has standing to argue on behalf of Bear Stearns or EMC. The Court therefore rejects this argument for lack of standing.

#### 8. **Argument 8.**

Chase asserts that Counts VI, VIII, IX, and X should be deemed abandoned because Plaintiffs do not defend these theories. Plaintiffs filed an amended complaint asserting the claims at issue. Doc. 27. The Court cannot conclude that Plaintiffs abandoned these claims by failing to respond to moot motions.

#### 9. **Argument 9.**

Finally, Chase urges that the Count VII claims are barred by the statute of limitations and Plaintiffs fail to qualify for equitable tolling. Plaintiffs respond that the application of equitable tolling turns on whether "a reasonable plaintiff would . . . have known of the existence of a possible claim within the limitations period." Doc. 23 at 11 (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)). Plaintiffs assert that they relied on the representations from Bear Stearns that Plaintiffs' loan would be easy to modify, and that when it came time to modify the loan these promises were largely ignored. Plaintiffs argue that they had notice of misrepresentations only once the promises failed to materialize. Doc. 23 at 11. Chase does not reply, and the Court finds Plaintiffs' fact-intensive argument colorable. Accordingly, the Court will not dismiss Count VII as to Chase at this stage of the litigation.

### III. **Further Status Report Required on Trustee Position.**

Although Plaintiffs have filed a status report with the Court regarding their ongoing bankruptcy case (Doc. 30), they do not address the position of the bankruptcy trustee on the claims being asserted in this case. Because those claims are property of the Plaintiffs' estate, they presumably are under the control of the bankruptcy trustee. Plaintiffs shall confer with

the trustee concerning the claims and file a status report with this Court (1) confirming that they have conferred with the trustee; (2) stating the trustee's position with respect to this lawsuit – whether the trustee intends to intervene and pursue the lawsuit, whether Plaintiffs are authorized to pursue it on their own, and whether Plaintiffs must obtain permission from the bankruptcy court to pursue this case on their own; and (3) stating what actions Plaintiffs intend to take with respect to this case in light of their communications with the trustee.  The status report shall be filed by **February 18, 2011**.

**IT IS ORDERED:**

1. Defendant QLS's motion to dismiss (Doc. 18) is **denied**.
2. Defendant Chase's motion to dismiss (Doc. 20) is **granted in part** and **denied in part** as stated above.
3. Plaintiffs shall file the status report required in this order by **February 18, 2011**.

DATED this 24th day of January, 2011.

*David G. Campbell*
United States District Judge