**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvin G. Grundy, Jr. and Willie Ruth Grundy, residents of the State of Arizona and husband and wife as joint tenants with the right of survivorship,<br><br>Plaintiffs,<br><br>v.<br><br>JPMorgan Chase Bank, a New York corporation, Bear Stearns Residential Mortgage Corp., a Texas corporation; EMC Mortgage Corp., a Texas corporation; Aames Funding Corp, a California corporation, d/b/a Aames Home Loan; John Vella, an individual; Cassieopeia Saicawalo, an individual; and John and Jane Does 1 through 100, all individuals; and Quality Loan Service Corp., a California corporation,<br><br>Defendants. | No. CV-10-1542-PHX-DGC<br><br>**ORDER** |

Defendant JPMorgan Chase Bank, N.A. ("Chase"), moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against pro se Plaintiffs Elvin G. Grundy, Jr. and Willie Ruth Grundy. Doc. 61. The motion is fully briefed by both parties. Docs. 61, 67, 69. The parties have not requested oral argument. For the reasons that follow, the Court will grant Chase's motion for summary judgment.

**I.    Background.**

Plaintiffs filed suit on June 25, 2010, in Maricopa County Superior Court against

several defendants including Chase. Doc. 1. On July 21, 2010, Chase removed the case to federal court. Doc. 1. Plaintiffs filed an amended complaint on August 12, 2010, with 11 different counts related to fair lending and fair housing regulations. Doc. 27. On January 24, 2011, the Court granted in part and denied in part a motion by Chase to dismiss the amended complaint. Doc. 31. The Court dismissed Counts 1-4 as to Chase and acknowledged that Counts 5 and 11 had not been asserted against Chase. *Id.* at ¶¶ 14-15, 19-20. Chase now argues that Plaintiffs' Counts 6-10 contain legal and factual deficiencies that entitle it to summary judgment. Doc. 61.

**II.     Legal Standards.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56 requires the nonmoving party to "designate 'specific facts showing that there is a genuine issue for trial,'" and such facts must be shown by the party's affidavits "or by the 'depositions, answers to interrogatories, and admissions on file.'" *Celotex*, 477 U.S. at 324. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."

*Anderson*, 477 U.S. at 248.

**III.   Discussion.**

    **A.   Counts 6 and 7.**

Chase argues that the Home Ownership and Equity Protection Act ("HOEPA") and Truth in Lending Act ("TILA") claims found in Counts 6 and 7 are time-barred. Chase and Plaintiffs agree that an action for damages under HOEPA or TILA must be brought within one year of the violation. Docs. 61at 6-7, 67 at 8; *see* also 15 U.S.C. § 1640(e). The Ninth Circuit has held that a violation occurs when the borrower becomes contractually obligated on a credit transaction. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiffs' alleged injuries arise out of a loan that was finalized in 2007, and the complaint was not filed until June of 2010.

Plaintiffs acknowledge that they failed to meet the one-year statute of limitations, but argue that the Court should apply the doctrine of equitable tolling and allow them to bring their claims. Doc. 67 at 8. A court may equitably toll a statute of limitations in the interests of justice, *see King,* 784 F.2d at 915, such as when the defendant misleads the plaintiff into allowing the statutory period to expire, *see Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990), or when extraordinary circumstances beyond the plaintiff's control make it impossible for him to file suit on time, *see Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008). Plaintiffs argue that Chase and its affiliates lied to them about their ability to lower or in some other way modify their mortgage payments, and that those lies constitute an extraordinary circumstance that made it impossible for them to file a timely complaint. Doc. 67 at 8-9. But Plaintiffs fail to provide any evidence in support of this assertion. Plaintiff's memorandum contains no citations to their statement of facts in the section dealing with equitable tolling (Doc. 67 at 7-8), and their statement of facts contains no citations to evidence supporting their claim that Chase lied to them and caused them to miss the filing deadline (Doc. 68). Plaintiffs bear the burden of proof on equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999). Because they have failed to present evidence to support

1  this defense and the statute of limitations otherwise bars Counts 6 and 7, summary
2  judgment will be entered for Defendant on those counts.  *Celotex*, 477 U.S. at 324.

3     **B.     Count 8.**

4  Chase argues that Plaintiffs cannot support their Fair Housing Act ("FHA") claim
5  in Count 8.  Section 3605 of the FHA makes it unlawful for any person or entity whose
6  business includes engaging in residential real estate transactions to discriminate against
7  any person on the basis of race.  42 U.S.C. § 3605(a).  Plaintiff's FHA claim is analyzed
8  under the burden-shifting model of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792
9  (1973).  *See Budnick v. Town of Carefree*, 518 F.3d 1109, 1113-14 (9th Cir. 2008).  The
10 elements of a prima facie discrimination claim, as applied to this case, are that
11 (1) Plaintiffs are members of a protected class, (2) they applied for and qualified for a
12 loan modification, (3) their application was denied, and (4) Chase was modifying loans
13 for members outside of the protected class.  *Id.* at 1114.

14 Plaintiffs have shown that they are members of a protected class who applied for a
15 loan modification and were denied (Doc. 67-G), but they have provided no evidence that
16 they qualified for the modification or that similarly situated individuals outside their
17 protected class were receiving loan modifications.  *See* Docs. 67, 68.  As a result,
18 Plaintiffs have not established the required prima facie case of discrimination.

19 Plaintiffs argue that "discovery will reveal" how Chase engaged in lending
20 practices prohibited by the FHA (Doc 67 at 7), but the period for discovery closed six
21 months ago (Doc. 53).  Plaintiffs argue that Chase should be required to provide further
22 discovery because it refused to comply with discovery requests Plaintiffs served "a mere
23 two days" after the written discovery deadline.  Doc. 68 ¶ 12.  Plaintiffs argue that they
24 missed the deadline because of a medical emergency and that additional discovery should
25 therefore be permitted. *Id.*

26 If Plaintiffs believed that discovery was being improperly denied them by Chase,
27 they had tools to remedy the situation.  The Court's Case Management Order expressly
28 stated that Plaintiffs could place a conference call to the Court and obtain a prompt

resolution of their issues. Doc. 53 at 2-3. The Court specifically called Plaintiffs' attention to this provision at the case management conference held when the litigation deadlines were established on July 20, 2011. Doc. 47. The Case Management Order further stated that parties were to raise discovery issues timely, providing that "[a]bsent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery[.]" *Id.* at 3. Moreover, Plaintiffs understood that the deadlines in the Case Management Order would be enforced by the Court. Paragraph 9 of the order stated that "The Deadlines Are Real. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly." *Id.* at 4 (emphasis in original). Plaintiffs thus were fully apprised of the need to complete discovery within the time allotted by the Court and to raise issues promptly with the Court if disputes arose. Plaintiffs apparently served written discovery requests late, and then took no action to obtain answers when Chase noted that the requests were late and refused to respond. If Plaintiffs felt they were entitled to the discovery, they should have acted quickly to obtain the Court's assistance, not waited until months later to argue during summary judgment briefing that additional discovery should be allowed.

Plaintiffs' argument could be viewed as a request to extend the January 27, 2012 discovery deadline in this case. Rule 16 of the Federal Rules of Civil Procedure provides that litigation schedules "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1062 (9th Cir. 2005). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P 16 Advisory Comm.'s Notes (1983 Am.); *see Johnson,* 975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Discovery in this case began in July of 2011. Plaintiffs apparently failed to serve their written discovery requests more than 45 days before the January 2012 close of discovery. Because it appears that Plaintiffs could

have served those requests during the many months that preceded the close of discovery, the Court concludes that they could have completed discovery through reasonable diligence and that good cause to extend the discovery period does not exist.[1]

Because Plaintiffs have failed to present evidence to establish a prima facie case on their FHA claim, Chase will be granted summary judgment on Count 8.

**C.  Count 9.**

Chase argues that Plaintiffs lack sufficient evidence to meet their burden of proof on the unjust enrichment claim in Count 9. Under Arizona law, a claim for unjust enrichment requires proof of five elements: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011) (citing *City of Sierra Vista v. Cochise Enters., Inc.*, 697 P.2d 1125, 1131–32 (Ariz. Ct. App. 1984)). The element in dispute between the parties is whether Chase had justification for the enrichment it received as the assignee beneficiary of Plaintiffs' June 2007 loan.

Plaintiffs argue that the enrichment was unjust because it was the "result of predatory and illegal mortgage serving practices . . . that [Chase] was thoroughly engaged in well before July 2007." Doc. 67 at 11. But Plaintiffs again fail to provide any evidence in support of their claim and rely instead on legal conclusions found in their amended complaint and their brief in opposition of Chase's motion for summary judgment. Docs. 27 at 35-36, 67 at 11. There is no citation to depositions, interrogatories, or any other form of evidence to support their claim.

Chase points to case law holding that banks have every right to demand and receive payment for home mortgages and that potential plaintiffs are not impoverished by making the payments because, for example, the payments enable them to remain in their

---

[1] The Court also notes that the proper way for a party to seek discovery necessary to defend against a motion for summary judgment is by filing a Rule 56(d) affidavit or declaration. Fed. R. Civ. P. 56(d). Plaintiffs have not complied with Rule 56(d).

homes and avoid default. *Barone v. Chase Home Fin. LLC*, No. CV 11–08016–PCT–FJM, 2011 WL 3665424, *3 (D. Ariz. Aug. 22, 2011). Because Plaintiffs fail to provide any evidence to show that Chase's enrichment was unjust – an element on which Plaintiffs bear the burden of proof – summary judgment will be entered for Chase on Count 9. *Celotex*, 477 U.S. at 324.

### D. Count 10.

Chase argues that Plaintiffs' intentional infliction of emotional distress claim fails because Plaintiffs are unable to present evidence sufficiently outrageous behavior. In Arizona, "[o]ne may recover for intentional infliction of emotional distress only where the defendant's acts are 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Patton v. First Fed. Sav. and Loan Ass'n of Phoenix*, 578 P.2d 152, 155 (Ariz. 1978) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. Ct. App. 1969)). Plaintiffs have not presented evidence to show that Chase's conduct in this case meets this demanding standard. Indeed, "[d]efault and foreclosure proceedings generally do not rise to the level of extreme and outrageous conduct." *Erickson v. Long Beach Mortg. Co.*, No. 10-1423 MJP, 2011 WL 830727, *7 (W. D. Wash. Mar. 2, 2011), *aff'd*, No. 11-35313, 2012 WL 1925827 (9th Cir. May 29, 2012). The Court will grant summary judgment on Count 10.

**IT IS ORDERED** that Chase's motion for summary judgment (Doc 61) is **granted.** The Clerk shall **terminate** this action.

Dated this 24th day of July, 2012.

_____
David G. Campbell
United States District Judge